THE STATE to the use of RENFRO'S adm'rs. vs. PRICE and LUSK.

1. The 21st section of the 4th article of the act regulating practice in courts of law, (Revised Statutes 1845, 819) allows a motion to be made to strike out imperfect counts from a declaration, but such motion must be made, "before the jury is sworn, or the trial submitted to the court, and upon reasonable notice to the adverse party."

2. The grant of letters of administration and the execution of the bond, are, under our law, parts of one and the same transaction, and the different acts may be brought together, to show what was intended. If the given name of the deceased is left out of the bond, but inserted in the letters, there is a sufficient description by which the estate meant by the parties can be ascertained; and the letters, the bond refering to them, may be produced, to explain the ambiguity.

## ERROR to Cole Circuit Court.

EDWARDS & PARSONS, for plaintiffs in error.

1. It is too late to entertain a motion to strike out any defective counts or assignments of

The State vs. Price and Lusk.

breaches in a declaration after the jury is sworn, and particularly after the plaintiff has commenced stating the case to the jury. No notice was given of the intended motion.

2. The objection taken by the motion would not have been good after verdict for the plaintiff, therefore the motion should not have been entertained.

3. The first, second, third and fourth assignments of the breaches of the condition of the bond sued on are good and sufficient in law. The averment that the bond was given to secure the faithful administration of the estate of Jesse Renfro, deceased, is a proper averment, and under it the plaintiff had the right to introduce either written or parol evidence to show the facts alleged therein: 1 Phil. Ev. 539, 540; 3 Cowen and Hill's notes to Phil. Ev. page 1362; Jackson ex dem, Shultze vs. Goes, 13 John Rep. 518; 3 Phil. Ev. Cowan and Hill's notes, 1359; 1 Phil. Ev. 532; 1 Greenl. Ev. 412, 413, 414, 415, 416; Law and Equity Library vol. 2; Wigram on Wills, 35, 36; Cox vs. Belzhoover, 11 Mo Rep. 142; Coit vs. Starkweather, 8 Conn. Rep. 289; Tudor vs. Terrell, 2 Dana 47; Dowset vs. Sweet, 1 Ambler 175; Price vs. Page, 4 Vesey Chancery Rep. 679.

HAYDEN, for defendants in error.

1. The record does not show that the plaintiffs, by bill of exceptions, have preserved the points of objections which they would have this court to revise, as to the opinions of the circuit court.

2. The plaintiffs in the breaches of the condition of a bond by Martin, as assigned in the declaration, do not show that the condition of the bond, upon which the suit was brought, was violated by Martin as administrator; and it was not and it is not competent for plaintiffs to prove by parol that the word Renfro means Jesse Renfro; or in other words, by parol evidence no addition to or subtraction from a bond can be made.

3. The court below did not err, either in the striking from the declaration the assignment of the breaches of the condition of the bond sued on, upon the motion of defendants, nor in the overruling of the plaintiff's motion for a new trial; because the defendants did not bind themselves in said bond that William Martin should or would faithfully administer the estate of "Jesse Renfro," deceased, and therefore it was wholly useless to proceed with evidence to the jury to establish the truth or falsehood of the breaches as set forth in the declaration; for if admitted to be true as stated by plaintiffs, (which was the legal effect of the motion) or if found to be true by the jury upon the hearing of the evidence the court could not and would not have rendered judgment for plaintiffs against the defendants. Bayless vs. the Attorney General, 2 Atk. 239; Castleton vs. Turner, 3 Atk. 257; Werick vs. Litchfield, 2 Atk. 372; 1 Greenl. Ev. sections 289, 290, and note o; 1 Tidd's Practice 668, to p paging; 3d Cowen and Hill's notes, note 938 and following.

GAMBLE, J., delivered the opinion of the court.

This was an action on the bond of Martin, administrator of Jesse Renfro, against Price and Lusk as his securities. The declaration states the making of the bond and sets out the condition, in which it is recited "that Martin had that day been appointed administrator of the estate of —— Renfro, deceased," and then the condition is "that if Martin shall faithfully administer said estate, &c., the bond shall be void." The declaration contains the averment that the bond was given to secure the faithful administration, by Martin, of the estate of Jesse Renfro, deceased. There were four breaches of the condition stated in the mal administration of the estate of Jesse Renfro. The defendant pleaded

the general issue, allowed by the act of 1847 to be pleaded to all actions. A jury was sworn, and before any evidence was given, the defendant moved the court to strike out all the breaches in the declaration. The court sustained the motion and the plaintiff took a nonsuit, and after moving to set it aside, excepted to the decision of the court.

The circuit court could only have allowed the motion to be made before the jury was sworn, from a want of recollection of the statute. The 21st section of the 4th article of the act regulating practice: Revised Code, 819, allows a motion to be made to strike out imperfect counts from a declaration, but this motion is to be made "before the jury is sworn or the trial submitted to the court, and upon reasonable notice to the adverse party." The motion, in the present case, was made upon the assumption, that the breaches of the condition of a penal bond, as stated in the declaration, were to be treated as distinct counts in a declaration. If this position be admitted, still the court erred in allowing the motion to be made after the jury was sworn.

But upon the question of law arising upon the motion, if it had been made in time, the court also erred. That question, as now argued upon the writ of error, is whether it was competent for the plaintiff to aver that the bond sued upon was for the faithful administration of the estate of Jesse Renfro, and to claim against the securities the damages sustained by the mal administration of his estate. The securities have, in their bond, recited the fact that Martin was on that day appointed the administrator of the estate of —— Renfro. They have therefore referred to the letters of administration granted to Martin, which our law compels the clerk to record before they are delivered. The declaration alleges that Martin was appointed the administrator of Jesse Renfro, and that the bond was given for the purpose of securing the faithful administration of the estate of Jesse Renfro. This averment would be sustained (if any evidence be admissible to sustain it) by producing the letters of administration that day granted to Martin upon the estate of Jesse Renfro. The only question then, is, whether any evidence is admissible to show the person intended by the parties, when using the words employed in this contract.

The securities have contracted that Martin, their principal, shall faithfully administer the estate of a deceased person. They describe the estate as that of Renfro, of which Martin was that day appointed administrator. Although the christian name of the deceased is not used in the bond, yet there is a sufficient description by which the estate meant by the parties can be ascertained. It is not necessary in this case, to involve ourselves in the maze of decisions that have been made

in respect to ambiguities patent and latent. If we look to the language used by the parties, in the bond itself, we can find a sufficient guide to their intention. Martin received the appointment of administrator of a person named Renfro; (suppose by way of illustration Jesse Renfro) he was required to give a bond for the faithful administration of the estate, and while the letters of administration are filled up with the name of Jesse Renfro, the christian name is omitted in the bond; and it is there stated that he was that day appointed administrator of the estate of—— Renfro. If, in fact, the letters are upon the estate of Jesse Renfro, then there is sufficient reference to them in the bond, to authorise their production as the appointment mentioned in the bond, and as clearly showing what estate the securities obligate themselves shall be faithfully administered. The grant of the letters and the execution of the bond are, under our law, parts of one and the same transaction, and the different acts may be brought together to show what was intended. The bond then was not void, as must be implied in the decision of the circuit court, striking out all the breaches relating to the estate of Jesse Renfro. On the contrary, it is valid and effectually binds the securities for the administration of the estate of that Renfro upon whose estate Martin was on the day of its date appointed administrator.

After an examination of the numerous and varying, if not conflicting decisions upon the subject of ambiguities, it is thought best to put this case upon its own grounds, and not allow its own distinctive features to be lost in the confusion of the crowd of cases in which courts have examined the question of ambiguity.

The judgment of the circuit court is reversed and the cause remanded.